## Case *versus* Johnson.

The defendant became surety in a bond to the sheriff for the re-delivery to the sheriff of certain property levied on, or of other personal property equal in value; or, in default thereof, to pay the amount of the valuation of the property, or the amount of the debt for which the levy was made, with interest and costs. Before the expiration of the stay, part of the property was delivered up, and the *debtor* paid to the plaintiff in the judgment an amount of money greater than the valuation of the residue of the property, with interest and costs; it was not however alleged that the payment by the debtor was equal in amount to the debt, interest, and costs, or that it was made or accepted in satisfaction of the execution or in discharge of the bond:

It was *held,* that such payment and delivery was not a compliance with the condition of the bond.

ERROR to the Common Pleas of *Susquehanna county.*

This was an appeal from the judgment of a justice of the peace, in a suit by Thomas Johnson *v.* Benjamin T. Case, as obligor in a bond for the re-delivery of certain goods of J. T. Armstrong, which had been levied on by Johnson as sheriff, on an execution. It was averred in the declaration that the said sheriff had levied on the goods, viz. a bureau, valued at $15; a clock, valued at $10; and 243½ pounds of pork, valued at 7½ cents per pound, and had offered them for sale; and the debtor having demanded the stay provided by law, the said Case became bound for the delivery of the goods to the sheriff or his successor in office, or else other personal property equal in value; or, in default, should pay the amount of the valuation of the goods levied on, or the amount of the debt for which the levy was made, with interest and costs.

A plea was filed, alleging that the action ought not to be maintained, because a part of the goods levied on, viz. the bureau and clock, had been re-delivered to the said sheriff; and as to the residue, consisting of 243½ pounds of pork, it was alleged, that before the expiration of the stay of execution, and before demand was made for its delivery to the sheriff, Armstrong, the debtor, paid to the plaintiff in the judgment an amount of money equal to and greater than the amount of the valuation of the pork, with interest and costs, viz. $90.

The plaintiff demurred to the plea, and after argument, the Court sustained the demurrer, and entered judgment for the plaintiff; to which error was assigned.

*Richards,* for plaintiff in error.
*Little,* for defendant.

[Case v. Johnson.]

The opinion of the Court was delivered, July 20, 1852, by

LEWIS, J.—This action was brought by the sheriff, on a bond given for the delivery of property levied on, and the sale of which was suspended for one year, under the Act of 16th July, 1842. The plea admits the execution of the bond, and places the defence upon the ground that the debtor in the execution paid to the plaintiff therein a sum of money, equal in value to the property levied on and not delivered. There is no allegation of performance of the conditions of the bond, or of any payment or satisfaction made or accepted by either of the parties to this action. Nor is it alleged that the payment made by the defendant in the execution, was equal in amount to the debt, interest, and costs which were due, or that it was made or accepted in full satisfaction of the execution, or in discharge of the bond. And the question is, does a payment of part of the money due upon an execution, discharge a levy previously made? Justice requires a negative answer to this question. At *law*, the bond was forfeited upon a failure to perform the conditions. In *equity*, the debtor in the execution was not entitled to a release of the debt, or of any of the securities for its payment, except upon making *full* satisfaction. The payment of *part* of the judgment was nothing more than a satisfaction, *pro tanto*, and the lien of the levy remains for the balance. The surety who rests upon the equity of such a part payment is in no better situation than the principal. It is not a material circumstance that the sum paid happened to equal in value the property levied on. It is true that the surety might have discharged himself by payment to the sheriff of the value of the property, because that would be an exact compliance with the conditions of his bond, and would not interfere with the creditor's right to receive from the principal the balance of the debt, or to collect it by execution. But to take from the creditor a sum honestly paid and received upon a subsisting debt, and apply it in satisfaction of a bond between other persons, and in which other creditors may have an interest, would accord neither with the intention of the parties nor with the equity of the case.

Judgment affirmed.